

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2007

# Sutikno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sutikno v. Atty Gen USA" (2007). *2007 Decisions.* Paper 415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1011

———


RACHMAD IDUL SUTIKNO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A97-149-841)
Immigration Judge: Hon. R. K. Malloy

———


Submitted Under Third Circuit LAR 34.1(a)
September 17, 2007

Before:  SLOVITER, SMITH, and WEIS, Circuit Judges

(Filed: September 20, 2007)

———


OPINION

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Rachmad Idul Sutikno petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming the denial by the Immigration Judge ("IJ") of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for relief under the United Nations Convention Against Torture ("CAT").[1]  For the reasons stated below, we will deny Sutikno's petition for review.[2]

## I.

Sutikno is of Chinese descent and is a native and citizen of Indonesia.  He entered the United States on December 3, 1995 as a nonimmigrant visitor for pleasure with authorization to remain until May 2, 1996.  Sutikno did not file an application for asylum until April 2003.  Shortly thereafter, he received a notice to appear, charging him with being subject to removal for remaining in the United States beyond his admission period, in violation of Section 237(a)(1)(B) of the INA.  When Sutikno appeared before the IJ, he conceded removability but requested withholding of removal under the INA and relief under the CAT.  He was afforded a hearing before an IJ, who denied Sutikno's

---

[1] The BIA affirmed the Immigration Judge's grant of Sutikno's application for voluntary departure.

[2] Sutikno has waived his claim under the CAT by failing to raise the issue in his brief.  <u>See</u> <u>Chen v. Ashcroft</u>, 376 F.3d 215, 221 (3d Cir. 2004).  Even if Sutikno had raised the issue, we would have agreed with the denial of relief under the CAT, because Sutikno provided no evidence to support a finding of past or future torture.

2

applications for asylum, withholding of removal, and relief under the CAT. Sutikno appealed the IJ's decision to the BIA, which adopted and affirmed the IJ's decision. He then filed this petition for review.[3]

## II.

This court reviews the BIA's factual finding that an alien has failed to demonstrate eligibility for relief from removal under the "substantial evidence" test. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). A factual finding will fail to meet the substantial evidence standard only if "the evidence not only supports" a contrary conclusion, "but compels it[.]" INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); see also 8 U.S.C. § 1252(b)(4)(B). Where, as here, "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen, 376 F.3d at 222.

## III.

Aliens are generally ineligible for asylum unless they file their applications within one year of their arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The one-year deadline will not bar an asylum application if the applicant can demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ."

---

[3] We have jurisdiction to review this petition pursuant to 8 U.S.C. § 1252(a)(1).

3

8 U.S.C. § 1158(a)(2)(D). Because Sutikno filed his application over seven years after his arrival in the United States and he did not demonstrate the requisite changed or extraordinary circumstances, the IJ held that Sutikno was statutorily ineligible for asylum. We do not have jurisdiction to review this determination. 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006).

Sutikno argues that the IJ erred in concluding that he had not suffered past persecution and that he had failed to establish a clear probability of future persecution. To establish eligibility for withholding of removal under Section 241(b)(3)(A) of the INA, the applicant must demonstrate that his "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." In order to show the requisite clear probability of future persecution, the applicant must prove that the persecution is more likely than not to occur. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

Sutikno first attempts to establish eligibility for withholding of removal through proof of past persecution, which would entitle him to a rebuttable presumption that he would be subject to future persecution. 8 C.F.R. § 1208.16(b)(1). In order to constitute persecution, the past incidents must have been committed by the government or by forces that the government is either unable or unwilling to control. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Not all unjust or unlawful treatment amounts to persecution. Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

4

At his removal hearing, Sutikno testified that, during his childhood, native Indonesians would often harass him because of his Chinese ethnicity. Additionally, while Sutikno was in high school, a group of people once threw rocks at him on his way to Church while deriding his Catholicism. Sutikno also testified that he was advised not to apply to the University of Indonesia, as his Chinese heritage meant he would have a very slim chance of admission. He did not claim any other forms of mistreatment or persecution from his time in Indonesia. Sutikno does not want to return to Indonesia because he "would have to experience those horrible incidents." App. at 57-58. The IJ found no past persecution, and therefore no presumption of future persecution, because none of the incidents described by Sutikno "rise to the level of persecution." App. at 44.

An applicant may also establish eligibility for withholding of removal by showing that there is a "pattern or practice of persecution" against a group to which he belongs, "such that it is more likely than not that his or her life or freedom would be threatened upon return to that country." 8 C.F.R § 12.0816(b)(2)(i), (ii). In an apparent attempt to establish a pattern or practice of persecution against Chinese Christians, Sutikno submitted two State Department reports on Indonesia and various news reports detailing attacks on Chinese Christians. Ordinary criminal activity, such as generalized lawlessness and violence between diverse populations, usually does not amount to a pattern or practice of persecution. Abdille, 242 F.3d at 494-95 (citing Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998)). The IJ failed to find the requisite pattern or practice of

5

persecution, in part because the articles submitted by Sutikno show that the Indonesian government had actually attempted to protect its Chinese citizens during the riots that did occur. The IJ ultimately concluded that Sutikno had failed to prove either past persecution or a clear probability of future persecution.

The IJ and BIA findings, with respect to both past and future persecution, were "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105(a)(4)). Because we are also not persuaded that a "reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we see no reason to disturb these findings.

**IV.**

We conclude that the IJ's decision that Sutikno did not suffer past persecution and would not be subject to future persecution upon return to Indonesia were supported by substantial evidence. Accordingly, we will deny the petition for review.